UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STACIE B.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>Defendant. | No. 2:18-CV-00259-JTR<br><br><br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Dana Chris Madsen represents Stacie B. (Plaintiff); Special Assistant United States Attorney Michael Sinclair Howard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 9. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on February 19, 2015, alleging disability since 1999,[2] due to anxiety, panic disorder, agoraphobia, depression, and diabetes. Tr. 84. The application was denied initially and upon reconsideration. Tr. 137-40, 145-47. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on May 25, 2017, Tr. 41-73, and issued an unfavorable decision on September 12, 2017, Tr. 16-32. Plaintiff requested review from the Appeals Council and the Appeals Council denied the request on June 22, 2018. Tr. 1-6. The ALJ's September 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 15, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born in 1963 and was 51 years old as of the filing of her application. Tr. 30. She dropped out of high school in the 11th grade and obtained her GED. Tr. 55, 322. She worked a number of sporadic jobs, the longest being working in a window and door factory for two years in the 1990s. Tr. 233, 322. In the late 1990s she suddenly developed depression and anxiety, which she has described as a chemical imbalance. Tr. 408, 444. She eventually took a voluntary layoff from her job, and moved in with her parents. Tr. 408. After her mother's death in 1998, she and her father continued to reside together, caring for one another. *Id.* Plaintiff has not worked since 1999. Tr. 322.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

---

[2] Plaintiff later amended her alleged onset date to the date of the filing of her application. Tr. 44

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to

other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 12, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 19, 2015, the application date. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: osteoarthritis of the cervical spine, degenerative disc disease of the lumbar spine, obesity, major depressive disorder, and social phobia. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a restricted range of light exertional work, with the following specific limitations:

> The claimant can occasionally lift and carry a maximum of 20 pounds and can frequently lift and carry a maximum of 10 pounds. She can stand and walk for a total of four hours in an eight-hour workday with normal breaks and alternate between sitting and standing at 60-90 minute intervals. She can frequently reach overhead bilaterally. She can occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs. She can never climb ladders, ropes or scaffolds. She can never have concentrated exposure to extreme cold or industrial vibration, and she can never have exposure to hazards. She can understand, remember and carry out simple, routine and repetitive tasks and maintain attention and concentration for the two-hour intervals between regularly scheduled breaks. She can never perform work involving fast-paced production (defined as assembly line-type

work). She can occasionally interact with the public and coworkers
on a superficial basis (defined as non-collaborative/no tandem tasks).
She can have infrequent, superficial interaction with supervisors.

Tr. 22.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 30.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of collator operator, small parts assembler, and mail clerk. Tr. 30-31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from February 19, 2015, the application date, through September 12, 2017, the day of the decision. Tr. 31-32.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony; and (2) improperly evaluating the medical opinion evidence.[3]

**DISCUSSION**

**1. Medical opinion evidence**

Plaintiff argues the ALJ improperly weighed the opinion evidence, giving undue weight to non-examining sources. ECF No. 13 at 16-19.[4]

---

[3] Within her argument regarding the opinion evidence, Plaintiff also alleges she should have been found disabled based on the medical vocational guidelines. For clarity, the Court will address this as a separate argument.

[4] Plaintiff fails to specifically assign error to the ALJ's discussion of any opinion evidence. Generally, the Court will not consider arguments that were not

*a. Dr. Taylor*

Plaintiff's treating doctor, Dr. Joseph Taylor, completed an evaluation form for the Washington State Department of Social and Health Services (DSHS) on March 27, 2015. Tr. 378-80. The limitations noted were contradicted by the consultative examiner, Dr. Weeks, as well as the state agency reviewing doctors and the medical experts who testified at the hearing. Tr. 46-48, 48-54, 91-94, 125-28, 395-96. When a treating physician's opinion is contradicted by another physician, an ALJ is required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Dr. Taylor noted Plaintiff's diagnoses to include general anxiety and social phobia, depression, chronic low back and neck pain, and insomnia, diabetes, and hypothyroidism. Tr. 379. He noted her mental impairments to cause moderate to marked limitations, and her physical impairments to be no more than mild. *Id.* He then opined she would be limited to no more than sedentary work, and that the limitations would persist for six months with available medical treatment. Tr. 380.

The ALJ gave this opinion very little weight, finding it to be "completely inconsistent with his assessment of mild severity for chronic low back pain and neck pain." Tr. 27. The ALJ further noted that the opinion was only for six

---

actually argued in the briefing. *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003); *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Giving Plaintiff the benefit of the doubt, the Court will address the ALJ's treatment of Dr. Taylor, ARNP Wagoner, and Dr. Arnold.

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

months, "which does not meet the 12-month duration requirement under the Social Security Act." *Id.*

Plaintiff does not address the ALJ's rationale for rejecting Dr. Taylor's opinion, and simply asserts that the opinion is consistent with the examining doctor who placed Plaintiff in a modified range of light work. ECF No. 13 at 17-18.

The Court finds the ALJ offered specific and legitimate reasons for discounting Dr. Taylor's opinion. Conflict between an opinion and the source's treatment notes is a specific and legitimate reason for giving the opinion less weight. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009). Dr. Taylor's treatment notes from the day he completed the opinion contain no notations of back or neck problems, and the physical exam noted no abnormal findings. Tr. 329-31. ALJs do not have to accept opinions that are brief, conclusory, or inadequately supported. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Additionally, the fact that the opinion was not expected to meet the duration requirement is a relevant factor for the ALJ to have considered.

    b. ARNP Wagoner

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if she provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff's treating ARNP, Shirley Wagoner, completed a form for DSHS in January 2017. Tr. 476-78. She indicated the same impairments as Dr. Taylor did, and assessed the same level of limitation, noting Plaintiff was limited to sedentary work. Tr. 476-78. She indicated the restrictions would remain in place for 12 months. Tr. 478.

As with Dr. Taylor, the ALJ gave little weight to Ms. Wagoner's opinion "due to the absence of any supportive objective medical evidence." *Id.* A conflict between treatment notes and a treating provider's opinion may constitute an adequate reason to discredit the opinion of an "other" source. *See Molina,* 674

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

F.3d at 1111-12.  Other than some mild tenderness and tight muscles, Ms. Wagoner's exam findings were normal.  Tr. 471.  On the opinion form, she indicated that Plaintiff's physical problems caused no more than mild limitations in work-related functions.  Tr. 477.  Therefore, the basis for the sedentary limitation is unclear and seemingly unsupported.  The ALJ offered a germane reason for discounting this opinion.

    *c.  Dr. Arnold*

As with treating physicians, the controverted opinion of an examining doctor may be rejected if an ALJ provides specific and legitimate reasons for doing so. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

Plaintiff attended a consultative psychological exam with Dr. John Arnold in March 2015.  Tr. 322-26.  Dr. Arnold diagnosed Plaintiff with persisting depressive disorder, generalized anxiety disorder with social phobia features, and avoidant/depressive personality disorder features.  Tr. 323.  He opined Plaintiff would face moderate and marked limitations in nearly all work-related mental functioning activities.  Tr. 324.

The ALJ gave this opinion little weight due to the lack of objective findings, noting that the extent of the limitations was inconsistent with the normal mental status findings at the exam and in the record in general, indicating Dr. Arnold primarily relied on Plaintiff's subjective reports.  Tr. 29.

Plaintiff fails to assign any specific error to the ALJ's analysis, noting only that Plaintiff's psychological symptoms were documented in her counseling records, and that Dr. Arnold's opinion was consistent with the findings of treating providers.  ECF No. 13 at 18-19.

The Court finds the ALJ's analysis to be supported by substantial evidence.  Other than noting Plaintiff's depressed and anxious mood with mildly to moderately constricted affect that was "somewhat incongruent with [her] stated mood," Dr. Arnold noted all portions of the mental status exam to be within

normal limits. Tr. 325-26. He did not indicate that he reviewed any mental health treatment records and the report included only Plaintiff's subjective allegations. Tr. 322-23. An ALJ may consider the internal consistency of an opinion and an opinion's consistency with the record as a whole when assigning weight. 20 C.F.R. §416.927(c)(4); *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 603 (9th Cir. 1999). The ALJ pointed to substantial evidence in support of her finding that the record contains minimal objective findings of mental limitations. Therefore, her rejection of Dr. Arnold's opinion is without error.

**2.     Plaintiff's symptom statements**

Plaintiff alleges the ALJ erred in rejecting her symptom testimony without providing adequate reasons. ECF No. 13 at 14-15.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 24. With respect to Plaintiff's physical allegations, the ALJ found them to be undermined by the lack of complaints of debilitating physical limitations in the record, minimal and conservative treatment for physical problems, mild objective findings, no supported disabling physical opinion evidence, and Plaintiff's daily activities. Tr. 24-27. Regarding Plaintiff's alleged mental symptoms, the ALJ found her testimony to be unsupported by her lack of

consistent treatment, mostly normal mental status exams, the absence of any supported disabling opinion evidence, and Plaintiff's activities of daily living, along with noting some examples of Plaintiff's allegations being somewhat overstated when compared to the medical evidence. Tr. 27-30.

Plaintiff objects to the ALJ's use of her activities of daily living to undermine the reliability of her reports. ECF No. 13 at 14-15. She has failed to offer any challenge to any of the ALJ's other stated reasons and has therefore waived such arguments. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Moreover, the Court finds that the ALJ's reasoning is supported by substantial evidence. Unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). A claimant's daily activities may support an adverse credibility finding if the activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Therefore, even if not all of the ALJ's reasons withstand scrutiny, any such error was harmless as sufficient unchallenged reasons remain to support the ALJ's findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ's interpretation of the record is supported by substantial evidence.

### 3. The Medical Vocational Guidelines

Plaintiff asserts she should have been found disabled under the Medical Vocational Guidelines because she is not capable of performing a full range of light work, thus necessitating a finding of disability under the sedentary grid rules. ECF No. 13 at 17-18. Defendant argues that, because Plaintiff's RFC fell between

two grid rules, the ALJ appropriately consulted a vocational expert, who identified jobs Plaintiff was capable of performing. ECF No. 14 at 14-15.

At step five of the sequential evaluation process, the ALJ must determine whether there are jobs that exist in significant numbers in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1100-01 (9th Cir. 1999). The Medical Vocational Guidelines provide a streamlined mechanism for ALJs to make this determination, considering the claimant's age category, educational and work background, and exertional capability. 20 C.F.R. pt. 404, subpt P, app. 2. However, use of the Guidelines is only appropriate when a rule completely and accurately represents a claimant's limitations. *Tackett*, 180 F.3d at 1101. When a claimant's residual ability falls between two grid rules that direct different outcomes under the Guidelines, a vocational expert should be consulted to clarify the implications for the occupational base. Social Security Ruling 83-12.

The Court finds no error in the ALJ's actions. The ALJ found Plaintiff capable of lifting and carrying weights within the light range, but found that she could only be on her feet for four hours per day and needed to alternate sitting and standing every 60-90 minutes. Tr. 22. The vocational expert who testified at the hearing stated that normally light work requires a worker to be on her feet for six of eight hours, thus confirming the given RFC was not for a full range of light work. Tr. 71. However, the vocational expert also testified that the RFC as formulated by the ALJ would allow for performance of the light jobs identified, as those jobs allowed the worker to sit or stand at their workstation. Tr. 70. When the residual functional capacity fell between two grid rules, the ALJ appropriately consulted with a vocational expert, who identified jobs that exist in significant numbers in the national economy.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision should be affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED September 13, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE